USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/18/24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
GENERAL RE LIFE CORPORATION,                 :
                                                                    :
                        Petitioner,   :
                                                                        :       24-CV-2089 (VEC)
                                                                    :
                  -v.-                   :       OPINION & ORDER
                                                                    :
AMERICAN GENERAL LIFE INSURANCE       :
COMPANY,                                                         :
                                                                    :
                        Respondent.   :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

        Petitioner General Re Life Corporation ("Gen Re") has petitioned, pursuant to section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, *see* Pet., Dkt. 1, to confirm a final arbitration award against Respondent American General Life Insurance Company ("American General"). American General did not oppose the Petition. For the following reasons, the Petition is GRANTED.

## BACKGROUND

        Gen Re and American General are insurance companies. *Id.* at ¶¶ 1–2. The arbitration at issue in this case involved a Yearly Renewable Term reinsurance agreement (the "Treaty"). *Id.* at ¶ 6. Pursuant to the Treaty, Gen Re charged American General a reinsurance premium for each American General life insurance policy that it reinsured. *Id.* at ¶ 7. After a dispute arose between the parties, Gen Re initiated arbitration pursuant to the terms of the Treaty. *Id.* at ¶ 8.

        Arbitration occurred over a ten day period; testimony was taken from twelve witnesses and two experts and hundreds of exhibits were received. Gen Re Mem. of Law at 3, Dkt. 6. On December 4, 2023, the arbitration panel ("Panel") entered a final award in favor of Petitioner.

Pet. at ¶ 11. American General timely elected to recapture all policies. American General Response at 1, Dkt. 17.

Within one year of the final award, Gen Re filed the Petition to Confirm Arbitration. *See* Pet., Dkt. 1. American General did not oppose confirmation of the final award and has not moved to vacate, modify, or correct the final award. Gen Re Mem. of Law at 4. Although American General did not oppose confirmation, it claims that because it recaptured all of the policies, confirmation is unnecessary.[1] American General Response at 1.

## DISCUSSION

### I.  Legal Standard

Pursuant to the FAA:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order, unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9.

"[T]he confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984). "A court is required to confirm the award unless a basis for modification or vacatur exists." *Ins. Co. of N. Am. v. Ssangyong Eng'g & Constr.*, No. 2-cv-1484, 2002 WL 377538, at *4 (S.D.N.Y. Mar. 11, 2002) (citing *Ottley v. Schwartzberg*, 819 F.2d 373, 375 (2d Cir. 1987)). "Notice of a motion to vacate, modify, or correct an award must be

---

[1]  American General seems to contest personal jurisdiction. American General Response at ¶ 4. In its response, it "denies the allegations" in relation to personal jurisdiction but also states that it "does not oppose the Petition on the grounds of personal jurisdiction." *Id.*

2

served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12.

If parties do not specify a court within their agreement, then an application for confirmation "may be made to the United States court in and for the district within which such award was made." *Id*. § 9. "A party who agrees to arbitrate in a particular jurisdiction consents not only to personal jurisdiction but also to venue of the courts within that jurisdiction." *Dr.'s Assocs., Inc. v. Stuart*, 85 F.3d 975, 983 (2d Cir. 1996).

## II.     Arbitration Award

### A.  The Statutory Requirements Are Met

The statutory requirements for confirming the arbitration award have been met. *See* 9 U.S.C. § 9. Petitioner filed a petition to confirm within one year of the issuance of the award, and the award has not been vacated, modified, or corrected.

The Treaty provides that "[a]ny and all disputes or differences arising out of this Agreement . . . shall be submitted to binding arbitration." Treaty, Ex. 1 at Art. XXVIII(A), Dkt. 1–2. Furthermore, the Treaty recognizes that either party may initiate court proceedings in the district court for the Southern District of New York in connection with the arbitration. *See id.* at Art. XXVIII(E).

### B.  Petitioner is Entitled to Have the Award Confirmed

American General does not oppose confirmation; it argues instead that confirmation is unnecessary because all of the in-force business that it had ceded to Gen Re has been recaptured. *See* American General Response at 1. That is not a basis to deny confirmation. Courts are "required to confirm [arbitration] award[s] unless a basis for modification or vacatur exists." *Ssangyong*, 2002 WL 377538, at *4 (citation omitted); *see also* 9 U.S.C. § 9 (stating that "the

3

court *must grant* such an order unless the award is vacated, modified, or corrected") (emphasis added). In seeking to confirm the arbitration award, Petitioner is not required to make a showing of necessity. *See Ono Pharm. Co. v. Cortech, Inc.*, No. 3-cv-5840, 2003 WL 22481379, at *3 (S.D.N.Y. Nov. 3, 2003) (holding that the fact neither party refused to honor the arbitral award did not constitute a valid basis for refusing confirmation). Thus, Respondent's claim that confirmation is unnecessary is irrelevant. The FAA mandates that courts proceed with confirmation unless a basis for modification or vacatur exists, and Respondent has not moved to vacate or modify the award.[2]

## CONCLUSION

For all the foregoing reasons, Gen Re's Petition to confirm the arbitration award is GRANTED.

The Clerk is respectfully directed to terminate all open motions and to close the case.

**SO ORDERED.**

**Date: June 18, 2024**
**New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**

---

[2] Although Respondent "denied the allegations" in paragraph 4 of the Petition concerning personal jurisdiction, American General Response at ¶ 4, this Court has personal jurisdiction over Respondent because the parties contractually consented to jurisdiction in New York. *See* Treaty, Ex. 1 at Art. XXVIII(E).

Even if the Treaty had not selected New York as the relevant jurisdiction, personal jurisdiction would exist because the arbitration occurred in this jurisdiction. 9 U.S.C. § 9 ("If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made."). There is no dispute that the arbitration occurred in the Southern District of New York.